COMMONWEALTH *vs.* ALBERT MICHELI.

Suffolk.     October 20, 1926. — January 3, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bastardy. Parent and Child,* Support of illegitimate child. *Practice, Criminal,* Dismissal of complaint, Former acquittal. *Probate Court,* Appeal.

Where, at the trial in a municipal court of a complaint charging a defendant with being the father of an illegitimate child, who was unborn at the time of the making of the complaint, "the complainant and her witnesses were sworn and testified, and thereupon it was suggested to the court that the child, of which the defendant was alleged to be the father, had been adopted by the complainant and her husband by leave of the Probate Court . . . whereupon, with the consent of the complainant and the defendant, said complaint was dismissed for want of prosecution," the defendant by thus consenting lost any right which he otherwise might have had to plead, to a second complaint charging him with neglecting to support the child, that the dismissal of the first complaint was in legal effect an acquittal, or to contend that because of St. 1922, c. 432, he should not be held to answer to the second complaint.

If a complaint charges a criminal offence covering a period of time during a part of which it could be properly charged, the fact, that during another part of that period it could not legally be charged, is not a defence.

A criminal complaint charged a defendant with neglecting to support an illegitimate child from July 22, 1924, to January 22, 1925. It appeared that the child was born on February 8, 1924; that by a decree of the Probate Court on April 24, 1924, the child was adopted by the mother and a man, not the defendant, whom she had married; that that decree was revoked by a decree entered on January 15, 1925, from which the defendant in the criminal complaint appealed on January 28, 1925. *Held,* that

(1) Although the defendant's obligation to support the child ceased when the decree of adoption was entered, the defendant's obligation was revived by the decree of January 15, which revoked the former decree and which remained in force until January 28;

(2) The defendant being obliged to support the child from January 15 to January 22, seven days of the six-month period named in the complaint, he properly might be found guilty.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on January 22, 1925, charging the de-

fendant with neglecting to support an illegitimate child from July 22, 1924, to January 22, 1925.

The record in the Municipal Court as to a former proceeding against the defendant by the same complainant as to the same child, besides the facts set out in the opinion, stated that "the complainant and her witnesses were sworn and testified, and thereupon it was suggested to the court that the child, of which the defendant was alleged to be the father, had been adopted by the complainant and her husband by leave of the Probate Court for the county of Suffolk, whereupon, with the consent of the complainant and the defendant, said complaint was dismissed for want of prosecution."

Proceedings in the Superior Court before *Hayden,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485, are described in the opinion. It appeared that the illegitimate child was born on February 8, 1924. The defendant was found guilty, and the judge reported the case to this court for determination.

*W. M. Blatt,* for the defendant.

*E. J. Harrigan,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J. To a complaint charging the defendant with neglecting to support an illegitimate child from July 22, 1924, to January 22, 1925, he pleaded in bar an acquittal in the Municipal Court of the City of Boston on a complaint made before the child was born charging him with begetting the same child. When that case came on for hearing, it appeared that the mother had married one Giosi before the birth of the child, and that the child had thereafter been adopted as their own by a decree of the Probate Court dated April 24, 1924. The case was thereupon dismissed for want of prosecution with the consent of all parties including the defendant, and a certificate was made to that effect and incorporated in the record. It does not appear that the court made any certificate that adequate provision had been made for the support of the child. See G. L. c. 273, § 17. On January 15, 1925, the decree of adoption was revoked on petition of Giosi, and the defendant appealed from the order

of revocation on January 28, 1925. The Commonwealth demurred to the plea of the defendant. The court sustained the demurrer and the defendant appealed from that order. The case then came on for hearing on the merits. The defendant requested the trial judge to rule that he was entitled to a verdict of not guilty on the grounds (1) that the record showed a previous acquittal of the same offence; and (2) that the complaint alleged neglect of the child from July 22, 1924, whereas the child was adopted prior to that date and remained an adopted child until the revocation seven days before the complaint in the present case was made. The requests were refused and the defendant excepted. After a verdict of guilty was returned, the trial judge reported the case for the determination of the questions raised by the plea and the requests.

The crime of neglecting to support an illegitimate child is not identical with the offence of begetting the same child, but it is assumed that an acquittal of the crime of begetting would be a bar to a prosecution for neglecting to support the same person as an illegitimate child. An order of court dismissing a criminal complaint is not a finding that the defendant is either guilty or not guilty. Dismissing a complaint without a trial on the merits is no bar to a trial for the same offence charged in the complaint dismissed. *Commonwealth* v. *Anderson*, 220 Mass. 142. *Commonwealth* v. *Bressant*, 126 Mass. 246. The record shows that the court did not actually decide the issue of the defendant's guilt, and the question is, whether the defendant is justified in contending that, because the complaint was dismissed after some evidence was heard, the dismissal is in legal effect an acquittal. If the dismissal had been made without the defendant's consent, after witnesses had been heard, his plea of former acquittal would have to be sustained. Such a dismissal is like the entry of *nolle prosequi* in the Superior Court without the defendant's consent after a jury has been empanelled. *Commonwealth* v. *Hart*, 149 Mass. 7. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 19. When such a jury is discharged at the defendant's request or with his consent and for his benefit, he may be tried again for the

same offence. *Commonwealth* v. *Sholes*, 13 Allen, 554, 556. *Commonwealth* v. *Farrell*, 105 Mass. 189, 191. *Commonwealth* v. *Campopiano*, 254 Mass. 560. The defendant had the right to have his case decided on the merits. By consenting to have the complaint dismissed he has lost any right which otherwise he might have had to plead that the dismissal was in legal effect an acquittal, or to contend that because of St. 1922, c. 432, he should not be held to answer to a second complaint.

If a complaint charges an offence covering a period of time during a part of which it could be properly charged, the fact that during another part of that period it could not legally be charged is not a defence. *Commonwealth* v. *Peretz*, 212 Mass. 253, 255. The period during which the defendant is charged with neglect of his illegitimate child covered a part of the time when the decree of adoption was in force, and also included seven days after the decree for adoption was revoked. In *Commonwealth* v. *Callaghan*, 223 Mass. 150, 151, the fact that the mother of the child had married another man after the birth of the child did not relieve the natural father of his duty to support the child. But by statute the obligations of the defendant in the case at bar for the support of his child ceased when the decree of adoption was entered. G. L. c. 210, § 6. When that decree was revoked, the natural parent's obligation to support the child again arose, and he could be convicted of neglecting to support the child between January 15, 1925, the date of the revocation of the decree, and January 22, 1925, the date of the complaint, unless the appeal from the decree at a later date had a retroactive effect and relieved him from all obligation to support the child until the decision in the appellate court. By statute (G. L. c. 215, § 22) after an appeal from a decree of the Probate Court has been claimed and filed, all proceedings in pursuance of the act appealed from shall, except as otherwise expressly provided, be stayed until the final determination thereof by the Supreme Judicial Court; but if upon such appeal, such act is affirmed, it shall thereafter be of full force and validity. The appeal speaks from its date and does not affect the defendant's obligations before

the time when it is claimed.   In the opinion of a majority of the court, the decree of revocation was in force from January 15, 1925, until January 27, 1925, and proceedings under it were not stayed until the latter date.   See *Arnold* v. *Sabin,* 4 Cush. 46, 47; *Tyndale* v. *Stanwood,* 186 Mass. 59, 61; *Stone* v. *Duffy,* 219 Mass. 178, 182.

> *Appeal dismissed.*
> *Exceptions overruled.*