COMMONWEALTH *vs.* JOHN MONDANO.

Essex.   March 6, 1967. — March 30, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Bastardy.   Res Judicata.   Practice, Criminal,* Dismissal of complaint.

Where a complaint under G. L. c. 273, § 11, for begetting a woman with child was dismissed by reason of the statute of limitations, the dismissal was not an adjudication that the defendant was not the father of the child and did not bar a complaint under § 15 for nonsupport of the child.

COMPLAINT received and sworn to in the District Court of Southern Essex on January 17, 1964.

On appeal to the Superior Court, a plea in bar and the merits were heard by *Kelleher, J.*, a District Court judge sitting under statutory authority. The defendant alleged exceptions.

*Samuel Leader* for the defendant.

*John N. Nestor*, Assistant District Attorney, for the Commonwealth.

WHITTEMORE, J. The defendant was complained of under G. L. c. 273, § 15, which provides, in part, "Any father of an illegitimate child, whether begotten within or without the commonwealth, who neglects or refuses to contribute reasonably to its support and maintenance, shall be guilty of a misdemeanor."

The complaint, dated January 17, 1964, sets out that the defendant is the father of an illegitimate child born to the complainant February 21, 1958, and that for the preceding three months the defendant, being of sufficient ability, had unreasonably neglected to provide for the support and maintenance of the child. The defendant filed a plea in bar which was overruled. He was found guilty and sentenced to the house of correction but the sentence was suspended and the defendant placed on probation on the condition that he pay $15 a week for the support of the child.

The plea in bar set out the dismissal on January 17, 1964, of a prior complaint against the defendant under G. L. c. 273, § 11, which provides, in part, "Whoever, not being the husband of a woman, begets her with child shall be guilty of a misdemeanor." At the hearing on this plea it was shown that the complaint under § 11 had issued on October 26, 1963. To that complaint the defendant had pleaded in bar the six year statute of limitations; that plea had been sustained; the complaint had been dismissed.

The offences under § 11 and § 15 are not identical. *Commonwealth v. Micheli*, 258 Mass. 89, 91. *Vivori v. Fourth Dist. Court of Berkshire*, 323 Mass. 336, 337–338. A final disposition of a complaint under § 11 in which the substan-

tive issue of paternity was involved would of course be res judicata as to the issue of paternity under § 15. Indeed, § 15 expressly provides: "If there has been any final adjudication of the paternity of the child, such adjudication shall be conclusive on all persons in proceedings under this section; otherwise, the question of paternity shall be determined in proceedings hereunder."

The defendant contends that the dismissal of the § 11 complaint because of the statute was in effect an adjudication that the defendant was not the father of the illegitimate child. We disagree.

The defendant relies on statements in the *Micheli* case, *supra,* pp. 91–92. There it appeared that after the complainant and her witnesses had testified under a complaint for begetting the judge learned that the child had been adopted by the complainant and her husband by leave of the Probate Court. Thereupon the judge, with the consent of the complainant and the defendant, dismissed the complaint for want of prosecution. The decree of adoption having been revoked and a complaint issued for nonsupport of an illegitimate child the defendant pleaded the prior proceedings as a bar. This court noted that the offences were not identical, and assumed that an acquittal of the crime of begetting would be a bar to a prosecution for neglecting to support the same child. We ruled that the defendant's consent was determinative and said that "If the dismissal had been made without the defendant's consent, after witnesses had been heard, his plea of former acquittal would have to be sustained." That issue, however, does not arise in the case at bar. The adjudication in the case before us was not on the issue of paternity. The dismissal of the § 11 complaint adjudged only that the defendant could not be found guilty of begetting the child for the reason that the prosecution was barred by the statute. It was an adjudication on the merits only in the sense that it barred any subsequent prosecution for the same offence. See *United States* v. *Oppenheimer,* 242 U. S. 85, 87.

The defendant's reliance on the *Oppenheimer* case is, we think, misconceived. The case holds that a prior acquittal

by reason of a statute of limitations is a disposition on the merits for purposes of showing double jeopardy. It recognizes that the doctrine of res judicata is applicable in criminal proceedings. *Sealfon* v. *United States*, 332 U. S. 575, 578. The rule is clear, however, that a defendant may invoke the principle of collateral estoppel in respect of a prior judgment only as to facts determined in the prior proceeding. *Yates* v. *United States*, 354 U. S. 298, 335–337. The *Oppenheimer* case does not suggest otherwise.

We see nothing in the defendant's further contention that the complaint under § 15 and the evidence did not sufficiently state and show an offence under that section.

*Exceptions overruled.*