DOUGLAS P. SULLIVAN *vs.* COMMONWEALTH.

Suffolk.  February 5, 1981. — April 21, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Constitutional Law,* Double jeopardy.  *Paternity.  Illegitimate Child. Practice, Criminal,* Mistrial.

Inasmuch as a criminal conviction and sentence may not be imposed constitutionally on a complaint under G. L. c. 273, § 11, charging a defendant with paternity of an illegitimate child, proceedings under c. 273, § 11, to secure pregnancy expenses and support payments for the child are remedial in nature and not punitive, and, therefore, the double jeopardy clause of the United States Constitution is not applicable to them.  [412]

At the trial of a complaint under G. L. c. 273, § 11, the judge did not err in finding there was a manifest necessity for the declaration of a mistrial over the defendant's objection where, during the jury deliberations, one of the jurors announced that his religious beliefs prevented him from judging the defendant.  [412-414]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 2, 1980.

The case was heard by *Cutter,* J.

*Charles A. Murray, III,* for the plaintiff.

*Bruce Bendiksen,* Special Assistant District Attorney (*Philip L. Weiner* with him) for the Commonwealth.

ABRAMS, J.  Following a declaration of a mistrial in his trial under G. L. c. 273, § 11[1] (paternity of an illegitimate child), Sullivan (the defendant) moved to dismiss the complaint against him on the ground that a new trial would place him twice in jeopardy for the same offense, in violation of the Fifth Amendment to the United States Constitution and the common law of Massachusetts.  That motion

---

[1] Repealed by St. 1977, c. 848, § 7.

was denied, as were his motion to renew hearing and his request for report under G. L. c. 278, § 30A.[2]  The defendant filed a petition for extraordinary relief pursuant to G. L. c. 211, § 3.[3]  A single justice of this court denied the relief sought and dismissed the petition.  We affirm.

The defendant was tried in August, 1979.  The jury heard two days of testimony before retiring to deliberate.  After about one hour of deliberation, the foreman of the jury sent the following message to the judge:  "We have one juror who because of his religious beliefs says that his religion does not allow him to judge his fellow man on circumstantial evidence."  The jury were brought into the court room, and the juror was questioned by the judge in open court.  The relevant portions of that colloquy are set forth in the margin.[4]  Following a bench conference with counsel, the judge declared a mistrial and discharged the jury, over the defendant's objection.  The judge said that the juror's statement in open court showed an attitude "which is absolutely unworthy of any person holding the position of a juror" and "may well have contaminated the other jurors."

---

[2] Repealed by St. 1979, c. 344, § 48.

[3] The Commonwealth does not contend that a petition under G. L. c. 211, § 3, is inappropriate in considering a claim of double jeopardy.  See *Jones* v. *Commonwealth,* 379 Mass. 607, 615 (1980); *Costarelli* v. *Commonwealth,* 374 Mass. 677, 679-680 (1978).  Accord, *Abney* v. *United States,* 431 U.S. 651, 654-662 (1977).  The Commonwealth makes no argument that, once the petition for relief was denied, the trial on the merits should have preceded any appeal from the denial of the petition, and thus we do not consider that issue.  See *United States* v. *Leppo,* 634 F.2d 101, 104-105 (3d Cir. 1980).

[4] THE JUDGE:  "You do have in fact those religious beliefs?"
THE JUROR:  "I cannot condemn anyone to pay a price like this for the rest of his life when the State has not in my mind convinced me beyond the shadow of a doubt that this man is guilty.  Therefore, I will not vote against him."
THE JUDGE:  "Based on your religious beliefs?"
THE JUROR:  "As I told my fellow jurors, I have to stand before almighty God and I will not judge him falsely."
THE JUDGE:  "Nobody is asking you to judge him falsely."
THE JUROR:  "You have not convinced me, sir; the evidence is not overwhelming against him in my judgment."

The defendant asserts that the judge abused his discretion in granting a mistrial. Because there was no "manifest necessity" for the mistrial, he argues, a second trial would violate constitutional and common law protections against double jeopardy. *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 580 (1824). The Commonwealth argues that the double jeopardy protections are applicable only to criminal prosecutions, and that, since we held in *Commonwealth* v. *MacKenzie,* 368 Mass. 613, 615-616, 619 (1975), that "a criminal conviction and sentence may not be imposed constitutionally under [G. L. c. 273] § 11," the doctrine of double jeopardy does not apply in this case. If it does apply, the Commonwealth argues, then the "manifest necessity" test is met. *United States* v. *Perez, supra.*

In arguing that jeopardy applies only to proceedings which subject a person who is convicted to the imposition of a criminal penalty, the Commonwealth cites *Helvering* v. *Mitchell,* 303 U.S. 391, 398-399 (1938). In *Helvering,* the Supreme Court distinguished actions where the objective is *remedial* in nature from those where the objective is punishment. The double jeopardy clause applies only to those actions in which punishment is the objective. *Id.* at 397-398. The Commonwealth contends that, since the *MacKenzie* decision, the only aspects of § 11 left intact are the expenses of pregnancy and support. The Commonwealth suggests that these factors are remedial in nature and therefore are not subject to a claim of double jeopardy. See *Custody of a Minor,* 375 Mass. 733, 746 (1978). We agree. Proceedings to secure pregnancy expenses and support payments for a child are designed to be remedial, not punitive, and hence the double jeopardy clause is not applicable. *Helvering* v. *Mitchell, supra* at 398-399. See *Arthurs* v. *Board of Registration in Medicine, ante* 299, 316-317 (1981); *United States* v. *Naftalin,* 606 F.2d 809, 812 (8th Cir. 1979). See also *United States* v. *Ward,* 448 U.S. 242 (1980).

The defendant suggests that our statement in the *MacKenzie* case, *supra* at 619 n.5, that a "proceeding under § 11 should be treated in all respects as a criminal proceeding"

makes it unfair for us not to consider his claim of double jeopardy. Even if a paternity action under G. L. c. 273, § 11, should be treated as criminal in considering a claim of double jeopardy, we find ample support in the record for the judge's decision that a "manifest necessity" for granting a mistrial existed.

The protection from being twice placed in jeopardy for the same offense recognizes the "heavy personal strain and anguish which a criminal proceeding represents for any citizen." *Thames* v. *Superior Court*, 383 F. Supp. 41, 44 (D. Mass. 1974), citing *Green* v. *United States*, 355 U.S. 184, 187-188 (1957). However, "[a] defendant's right to have his trial completed before one tribunal, . . . must give way at times to the 'public's interest in fair trials designed to end in just judgments.'" *Thames, supra* at 44, quoting *Wade* v. *Hunter*, 336 U.S. 684, 689 (1949). Balancing these interests is left to the trial judge, and the judge is given broad discretion to determine whether the circumstances arising at trial require a declaration of mistrial. *United States* v. *Starling*, 571 F.2d 934, 938 (5th Cir. 1978). There must be a high degree of necessity, but it need not be absolute. *Arizona* v. *Washington*, 434 U.S. 497, 506 (1978). "There is no mechanical formula by which to determine the existence of manifest necessity," and each case must be determined on its own particular facts. *Commonwealth* v. *Reinstein*, 381 Mass. 555, 560-561 (1980). *Illinois* v. *Somerville*, 410 U.S. 458, 462 (1973). "Appellate deference will be accorded the trial judge's discretionary determination that 'manifest necessity' exists only if the record reflects that the trial judge gave reasoned consideration of the various available alternatives as well as to questions of fairness before declaring a mistrial. . . .What is compelled is the thoughtful and careful exercise of discretion by a judge before terminating a trial prior to a verdict." *Jones* v. *Commonwealth*, 379 Mass. 607, 622 (1980).

In this case, the trial judge examined the juror in open court, see note 2, *supra*, consulted with counsel, and considered the proposed alternatives before declaring a mistrial.

He had the opportunity to observe the juror; the interrogation and responses elicited from the juror sufficiently support the judge's determination that there was a high degree of necessity for a mistrial. See *Commonwealth* v. *Reinstein,* 381 Mass. 555, 560-561 (1980). In these circumstances, we cannot say that the trial judge abused his discretion in concluding that there was a "manifest necessity" for a declaration of a mistrial in this case. The judgment of the single justice denying relief and dismissing the petition is affirmed.

*So ordered.*