COMMONWEALTH *vs.* RICHARD N. CHASE.

Suffolk.  May 11, 1981. — May 29, 1981.

Present: HALE, C.J., GRANT, & SMITH, JJ.

*Illegitimate Child,* Support.  *Parent and Child,* Support of illegitimate child.

A prior adjudication of paternity is not a prerequisite to the prosecution of a male under G. L. c. 273, § 15, for failure to contribute to the support of an illegitimate child. [885-887]

In the prosecution of a complaint under G. L. c. 273, § 15, parenthood is an essential element of the offence and must be proved beyond a reasonable doubt, no financial liability can be imposed on the father of an illegitimate child until he has been convicted, and the financial obligation which can be imposed on a father is prospective only. [887]

COMPLAINT received and sworn to in the Boston Municipal Court Department on September 18, 1979.

A motion to dismiss was heard by *Dolan,* J.

*Kathleen Coffey,* Assistant District Attorney, for the Commonwealth.

*Phyllis Baumann* for the defendant.

GRANT, J.  The Commonwealth has appealed (G. L. c. 278, § 28E, as appearing in St. 1979, c. 344, § 45; Mass. R.Crim.P. 13[c] and 15[a][1], 378 Mass. 872, 882 [1979]) from an order entered by a judge sitting in the jury of six session of the Boston Municipal Court Department which allowed the defendant's pretrial motion to dismiss a complaint charging him with a violation of G. L. c. 273, § 15, as amended through St. 1977, c. 848, § 6.[1]  See *Common-*

---

[1] "Any parent of an illegitimate child, whether begotten within or without the commonwealth, who neglects or refuses to contribute reasonably to its support and maintenance, shall be guilty of a misdemeanor. If there has been any final adjudication of the paternity of the child, such

*wealth* v. *Fanciullo, ante* 64 (1980), further appellate review denied, 383 Mass. 890 (1981). The stated ground of the motion (with some interpolation) was that the prosecution of the complaint in the absence of a prior adjudication of the defendant's paternity of the child in question could result in depriving the defendant of his rights under unidentified portions of the United States Constitution and the Massachusetts Declaration of Rights. We proceed to a consideration of § 15 and the other sections of G. L. c. 273 which are relevant to the present case.

The first sentence of § 15 fastens criminal liability on "any *parent*[2] of an illegitimate child . . . who neglects or refuses to contribute reasonably to its support and maintenance" (emphasis supplied). Parenthood is an essential element of the offence set out in the statute (*Commonwealth* v. *Fanciullo, supra* at 65) and is a fact which the Commonwealth must allege (as it has done here) and prove beyond a reasonable doubt (*Commonwealth* v. *MacKenzie,* 368 Mass. 613, 619 n.5 [1975]; *Davis* v. *Misiano,* 373 Mass. 261, 264 [1977]) in order to secure a conviction.

The second sentence of § 15 is directed to the determination of parenthood when the defendant is a male.[3] It reads: "If there has been a final adjudication of the paternity of the child,[4] such adjudication shall be conclusive on all per-

---

adjudication shall be conclusive on all persons in proceedings under this section; otherwise, the question of paternity shall be determined in proceedings hereunder. The duty to contribute reasonably to the support of such child shall continue during its minority."

[2] The 1977 amendment of § 15 substituted the word "parent" for the word "father" so as to make the statute neutral as to the gender of the offender (compare *Commonwealth* v. *Gallant,* 373 Mass. 577, 583-584 [1977]) and thus avoid the problem of sex-based discrimination considered in *Commonwealth* v. *MacKenzie,* 368 Mass. 613, 614-616 (1975).

[3] See also G. L. c. 273, § 12A (as appearing in St. 1977, c. 848, § 5), which was recently considered in *Commonwealth* v. *Blazo,* 10 Mass. App. Ct. 324, 325-327 (1980).

[4] See G. L. c. 273, § 12, as most recently amended by St. 1981, c. 92. There may also be a prior adjudication of paternity as the result of a

sons in proceedings under this section; otherwise, the question of paternity shall be determined in proceedings hereunder."[5] The quoted language is explicit that a prior adjudication of paternity is not a prerequisite to the maintenance of the prosecution of a male under § 15. Of equal importance, the quoted language serves to reinforce the proposition that parenthood (here paternity) of the child in question is an essential element of the offence set out in the first sentence of § 15.

General Laws c. 273, § 16, as also appearing in St. 1977, c. 848, § 6, provides, in the part here material, that "after conviction, in proceedings under [§ 15], the alleged father shall be subject upon the original complaint or indictment in such proceedings to penalties and orders for payments similar to those provided by the first ten sections of this chapter; and the practice established thereby shall, so far as applicable, apply to any proceedings under [§ 15]." See *Commonwealth* v. *Fanciullo, supra* at 68-69. The first paragraph of § 5 (as appearing in St. 1978, c. 552, § 43) of G. L. c. 273 provides in relevant part that "after conviction, if the defendant is placed on probation, with or without suspension of the execution of a sentence, the court, having regard to the circumstances and to the financial ability or earning capacity of the defendant, may make an order, which shall be subject to change from time to time as circumstances may require, directing the defendant to pay certain sums periodically, for a term not exceeding six years, to the probation officer, and may release the defendant from custody on probation." The probation officer is to remit the defendant's payments to the caretaker of the child, to the person supporting the child, or to the

---

previous conviction of the defendant under § 15. See *Commonwealth* v. *Fanciullo, supra* at 69 n.10.

[5] The procedural amendment of § 15 which was effected by St. 1979, c. 621, § 2, was designed to facilitate proof of paternity whenever that is an issue. See *Commonwealth* v. *MacKenzie,* 368 Mass. at 618; *Lowell* v. *Kowalski,* 380 Mass. 663, 669-670 (1980).

State Treasurer for the use of the Department of Social Services, as the court may direct.[6]

It is clear from the provisions of § 16 that there is no power to order payments under § 5 unless or until a defendant has been convicted under § 15. It is also clear from the use in § 5 of the words "certain sums periodically" that there is no power to order reimbursement for the expense of supporting an illegitimate child during any period which precedes a conviction under § 15.[7]

We find it unnecessary to rehearse all the constitutional and other arguments now advanced by the defendant or to recite all the fears expressed by the judge who allowed the motion to dismiss. It is enough to say that all the arguments founder and all the fears should be dissipated as soon as it is understood: that no prosecution can be maintained under § 15 in the absence of evidence that the defendant knew or should have known of a claim that he or she is a parent of the child in question (see *Commonwealth* v. *Fanciullo, supra* at 65-68); that no conviction can be obtained under § 15 except upon proof beyond a reasonable doubt that the defendant is a parent; that no financial liability can be imposed on the father of a child until he has been convicted; that the financial obligation which can be imposed on a father under §§ 15, 16 and 5 is prospective only; and that there is nothing in the statutory scheme that smacks of an ex post facto law (*Commonwealth* v. *Callaghan,* 223 Mass. 150, 151, cert. denied, 241 U.S. 667 [1916]).

The order allowing the motion to dismiss in this case was entered prior to our decision in the *Fanciullo* case. We would have thought the correct result now so clear as to warrant summary reversal under our rule 1:28, as most recently amended, 10 Mass. App. Ct. 942 (1980), by a simple

---

[6] The concluding sentence of § 5 specifies the consequences of a defendant's violation of the terms of an order for payments.

[7] Contrast G. L. c. 273, §§ 12 and 13, as appearing in St. 1977, c. 848, § 5. It appears from the complaint in the present case that the child in question was nine years old when the complaint was secured.

order which referred to the *Fanciullo* case were it not for other cases pending on our docket in which judges have expressed doubts or displayed confusion as to the validity or proper interpretation of § 15 and its relatives.

*Order dismissing complaint
reversed.*