COMMONWEALTH *vs.* MANUEL S. DIAS.

Bristol.  June 10, 1981. — July 22, 1981.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Illegitimate Child.  Constitutional Law*, Double jeopardy.

The double jeopardy clause of the Fifth Amendment to the United States
    Constitution has no application to a nonsupport proceeding under
    G. L. c. 273, § 15, because such a proceeding is remedial, rather than
    punitive, in nature. [283-284]

COMPLAINT received and sworn to in the First Bristol Division of the District Court Department on August 27, 1979.

On appeal to the jury session a motion to dismiss was heard by *Steele*, J.

*Steven P. Sabra* for the defendant.

*Phillip L. Weiner*, Assistant District Attorney, for the Commonwealth.

HALE, C.J.  This case comes before us on the Commonwealth's appeal from the dismissal of a complaint (no. 4146) on the ground of double jeopardy by a judge sitting in the six-man jury session of a District Court.  On July 21, 1978, a complaint issued (no. 12980) charging the defendant with begetting an illegitimate child on or about the tenth day of August, 1977.  At the conclusion of a trial held on February 5, 1979, the judge expressly found and stated on the record that the defendant was the father of the child, but he dismissed the complaint for lack of jurisdiction because, he said, he was unable to conclude beyond a reasonable doubt that the begetting had occurred in Massachusetts rather than in Rhode Island.[1]

---

[1] Complaint no. 1252 was then issued charging the defendant with failing to support an illegitimate child (G. L. c. 273, § 15).  The defendant's

On August 27, 1979, a complaint was issued out of the First District Court of Bristol (no. 4146) charging the defendant with nonsupport of the same child. The defendant was found guilty after a bench trial in the District Court, his motion to dismiss having been denied, and a finding of guilty was entered. He was placed on probation until December 13, 1985. The defendant appealed from that conviction to the six-man jury session of the District Court, where, on October 6, 1980, he again moved to dismiss the complaint on the ground of double jeopardy. The Commonwealth has appealed from the ensuing dismissal. G. L. c. 278, § 28E, as appearing in St. 1979, c. 344, § 45. Mass.R.Crim.P. 15(a)(1), 378 Mass. 882 (1979). We reverse.

1. As complaint no. 12980 was filed after the repeal of G. L. c. 273, § 11, by St. 1977, c. 848, § 7, and after the effective date of the amendment of § 12, which was effected by St. 1977, c. 848, § 5, its obvious purpose was to institute proceedings to determine whether the defendant was the father of the child in question, and the dismissal of the complaint after evidence was heard did not bar the later proceedings under complaint no. 4146. In *Sullivan* v. *Commonwealth*, 383 Mass. 410, 412 (1981), the Supreme Judicial Court noted that in *Helvering* v. *Mitchell*, 303 U.S. 391, 398-399 (1938), the United States Supreme Court "distinguished actions where the objective is remedial in nature from those where the objective is punishment. The double jeopardy clause [of the Fifth Amendment] applies only to those actions in which punishment is the objective. *Id.* at 397-398." The Supreme Judicial Court then went on to hold that "[p]roceedings to secure pregnancy expenses and support payments for a child are designed to be remedial, not punitive, and hence the double jeopardy clause is not applicable. *Helvering* v. *Mitchell*, *supra* at 398-400. See *Arthurs* v. *Board of Registration in Medicine*, [383 Mass. 299],

---

motion to dismiss was allowed on May 14, 1979, no trial on the merits having been held. That dismissal cannot support any claim of double jeopardy. *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33 (1976).

316-317 (1981); *United States* v. *Naftalin*, 606 F.2d 809, 812 (8th Cir. 1979). See also *United States* v. *Ward*, 448 U.S. 242 (1980)."

Although the proceedings in Sullivan were under G. L. c. 273, § 11, as it stood without criminal sanctions for "begetting" because of the holding in *Commonwealth* v. *MacKenzie*, 368 Mass. 613, 616-617 (1975), we interpret the broad language of the Sullivan holding to apply to nonsupport cases under G. L. c. 273, § 15.

The purpose of the statutory scheme concerning illegitimacy, although criminal in form, is to determine paternity and make provision for the support of the child (see *Commonwealth* v. *Chapman*, 2 Mass. App. Ct. 878 [1974]) and not to punish the offending parent. The implementation of that purpose is found in the universal practice in the trial court in such cases: that upon a determination of paternity or a determination that an illegitimate child has not been supported, or both (see *Commonwealth* v. *Chase*, 11 Mass. App. Ct. 884 [1981]), the offending parent is placed on probation for a period of time, that probation being conditioned on the making of periodic payments ordered by the court. "The statutory power to punish was intended, and is exercised in practice, mainly as a sanction for the performance of orders for periodical payments." *Commonwealth* v. *Whiston*, 306 Mass. 65, 66 (1940). See also *Commonwealth* v. *Acker*, 197 Mass. 91 (1908).

We hold that G. L. c. 273, § 15, is essentially remedial and not punitive in nature and that the double jeopardy clause is not applicable to cases tried under it.

2. Even if we were to regard the charges under complaint no. 12980 (and under 4146) to be criminal in nature as well as form, the defendant was not entitled to dismissal of complaint no. 4146 on double jeopardy grounds. It is clear from the appendix, from the supplemental appendix, and from the original papers, which we called for and have before us, that in acting on the motion of the defendant, the judge dismissed the complaint solely on jurisdictional grounds, as he could not find beyond a reasonable doubt

that the act which resulted in the begetting had occurred in Massachusetts. See *Commonwealth* v. *Lanoue,* 326 Mass. 559, 563 (1950).[2] Before making that ruling the judge found that the defendant was the father of the child. We review the case in that posture.

It was said in *Commonwealth* v. *Micheli,* 258 Mass. 89, 91 (1927): "The crime of neglecting to support an illegitimate child is not identical with the offence of begetting the same child, but it is assumed that an acquittal of the crime of begetting would be a bar to a prosecution for neglecting to support the same person as an illegitimate child. An order of court dismissing a criminal complaint is not a finding that the defendant is either guilty or not guilty. Dismissing a complaint without a trial on the merits is no bar to a trial for the same offence charged in the complaint dismissed. *Commonwealth* v. *Anderson,* 220 Mass. 142 [1915]. *Commonwealth* v. *Bressant,* 126 Mass. 246 [1879]." The court went on to hold that in the case before it (as in the case before us) the issue of the defendant's guilt had not been decided, even though witnesses had been heard, and that the defendant "[b]y consenting to have the complaint dismissed . . . lost any right which otherwise he might have had to plead that the dismissal was in legal effect an acquittal." *Micheli, supra* at 92.[3] In *Commonwealth* v. *Mondano,* 352 Mass. 260 (1967), the defendant raised as a bar to his prosecution under G. L. c. 273, § 15, the dismissal of an earlier complaint under G. L. c. 273, § 11. That complaint had been dismissed on the defendant's plea that the six-year statute of limitations had run. It was held, "The adjudication in the case before us was not on the

---

[2] That judge was also the judge in the initial bench trial in the District Court on complaint no. 4146. He stated in a memorandum filed on the docket of that case that in dismissing complaint no. 12980 he had ruled "erroneously." Erroneous or not, the defendant is entitled to any protection that that dismissal affords him. *Costarelli* v. *Commonwealth,* 374 Mass. 677, 682 (1978). *Lee* v. *United States,* 432 U.S. 23, 30 (1977).

[3] As the defendant had moved to dismiss the complaint (no. 12980), he obviously consented to the dismissal.

issue of paternity. The dismissal of the § 11 complaint adjudged only that the defendant could not be found guilty of begetting the child for the reason that the prosecution was barred by the statute. It was an adjudication on the merits only in the sense that it barred any subsequent prosecution for the same offence. See *United States* v. *Oppenheimer,* 242 U.S. 85, 87 (1916)." *Id.* at 262. See *Commonwealth* v. *Lopez,* 383 Mass. 497, 499 (1981). See also *United States* v. *Scott,* 437 U.S. 82, 94-100 (1978), where the granting of the defendant's motion to dismiss, on the grounds of pre-indictment delay, after jeopardy had attached, was not a bar to retrial. Contrast *Costarelli* v. *Commonwealth,* 374 Mass. at 677, 682-683 (1978).

3. There was no demonstration of any abuse of discretion in the allowance of the Commonwealth's motion to remedy a clerical error (the failure to docket the Commonwealth's notice of appeal at the time it was filed). Mass.R.Crim.P. 42, 378 Mass. 919 (1979). See *Schulz* v. *Black,* 369 Mass. 958 (1975).

The order dismissing complaint no. 4146 is reversed.

*So ordered.*