COMMONWEALTH vs. MARTIN GEOGHEGAN.

Norfolk.  September 15, 1981. — November 6, 1981.

Present: BROWN, DREBEN, & KASS, JJ.

*Practice, Criminal,* Motion to dismiss, Delay in commencement of prose-
cution. *Due Process of Law,* Delay in commencement of prosecution.

A judge erred in dismissing a complaint for nonsupport under G. L.
c. 273, § 1, on the ground of excessive delay by the Commonwealth in
instituting the complaint, where the defendant made no showing that
the delay or other official conduct had infringed his constitutional
rights to due process of law. [575-579]

COMPLAINT received and sworn to in the Southern Norfolk
Division of the District Court Department on June 10, 1980.

The case was heard by *Greenberg,* J., on a motion to dis-
miss.

*Elin H. Graydon* (*Charles J. Hely,* Assistant District At-
torney, with her) for the Commonwealth.

*Elliot R. Levine* for the defendant.

DREBEN, J.  This is an appeal by the Commonwealth
from an order dismissing with prejudice a complaint for
nonsupport under G. L. c. 273, § 1.  The complaint, which
was brought in June, 1980, alleged nonsupport of the de-
fendant's wife and children "from October 10, 1974, to the
present."  After an evidentiary hearing, the judge dismissed
the complaint on the ground of excessive delay by the Com-
monwealth in instituting the complaint.  We reverse.

The Commonwealth first argues that the judge erred in
considering the motion to dismiss because the defendant
failed to file a written motion and an affidavit as required
by Mass.R.Crim.P. 13(a) (1) and (2), 378 Mass. 871 (1979).
See also *Commonwealth* v. *Benjamin,* 358 Mass. 672, 676
n.5 (1971); *Commonwealth* v. *Brandano,* 359 Mass. 332,

337 (1971); *Commonwealth* v. *Eaton,* 11 Mass. App. Ct.
732, 737 (1981); Smith, Criminal Practice and Procedure
§ 728.5 (1979 Supp.). For purposes of this opinion, we
assume, without deciding, that the requirements of the rule
could be waived where, as here, there was an evidentiary
hearing at which the Commonwealth could present the
facts and law relied on in opposition to the dismissal. See
G. L. c. 277, § 47A; see also Mass.R.Crim.P. 2(a) and
13(c), 378 Mass. 844 and 872 (1979), and Reporters' Notes
thereto, Mass. Ann. Laws, Rules of Criminal Procedure, at
14 and 260 (1979).

In dismissing the complaint, the judge ruled:

> "that the inaction over the course of six years on the
> part of the Department of Public Welfare cannot be
> excused by testimony of understaffing or overload of
> cases when it prejudices the rights of an individual
> whose liberty may be at stake as the result of a convic-
> tion under a penal statute the nature of which is being
> utilized, in part, to recoup funds which the Common-
> wealth has expended freely over the course of the fami-
> ly's history of need."

In what manner the defendant was prejudiced was not
described. The judge made no subsidiary findings indicat-
ing prejudice to the defendant. Moreover, no evidence of
prejudice appears in the transcript other than the claim
made by the defendant that he would have looked for
another job earlier and would not have persisted in trying to
make a go of his own business had the Department in-
dicated to him his activities were insufficient to shield him
from prosecution.[1]

This claim of prejudice is insufficient to permit the drastic
remedy of dismissal. There are considerations other than

---

[1] The judge did not permit the defendant to testify as to what his course
of action would have been had the Department indicated to him that his
business attempts did not meet his legal obligations. The defendant ob-
jected to this exclusion. We need not decide the evidentiary issue as, in
any event, the evidence would not have shown prejudice or reliance suffi-
cient to justify a motion to dismiss.

the rights of a defendant which also must be weighed and which limit the power of a judge to dismiss a complaint and thus preclude prosecution. See *Commonwealth* v. *Brandano,* 359 Mass. at 336-337; *United States* v. *Lovasco,* 431 U.S. 783, 790 (1977); Note, Applying Estoppel Principles in Criminal Cases, 78 Yale L.J. 1046, 1051-1052 (1969). To justify a dismissal of a complaint brought, as here, within the period of limitations, a defendant has a heavy burden and must show that delay or other action of the government results in such unfairness "as to bring to bear due process protections." *Commonwealth* v. *Best,* 381 Mass. 472, 483 (1980). This is true where the claim is one of preindictment delay. See *United States* v. *Lovasco,* 431 U.S. at 790; *Commonwealth* v. *Imbruglia,* 377 Mass. 682, 688-692 (1979); *Commonwealth* v. *Best,* 381 Mass. at 483-486. It is also true in those narrowly limited cases where, as a matter of fundamental fairness, the government is estopped from bringing a criminal prosecution because it has induced the defendant to commit the action for which he is being prosecuted or has vouched for its propriety. See *United States* v. *Mann,* 517 F.2d 259, 270, 271 & n.7 (5th Cir. 1975), cert. denied 423 U.S. 1087 (1976). See also *Raley* v. *Ohio,* 360 U.S. 423, 438 (1959); *Cox* v. *Louisiana,* 379 U.S. 559, 571 (1965).

The defendant has not met the burden required by the preindictment delay cases. See *United States* v. *Lovasco,* 431 U.S. at 790. "[T]he primary purpose of preindictment due process analysis" is to protect "the defendant's ability to mount a defense." *Commonwealth* v. *Imbruglia,* 377 Mass. at 691. No prejudice is alleged in this regard. The delay will not affect the defendant's ability to defend on the ground that his conduct was not wilful. He will be entitled to show his efforts to cooperate with the Department of Public Welfare and to show the response, if any, he received from the Department to his furnishing of his financial records. Moreover, the defendant has not, as required, shown that the reasons for the delay were improper. There was here no intentional undertaking "to gain a tactical advantage"

nor a "reckless disregard of known risks" to the defendant's ability to mount a defense so as to violate the due process clause. *Commonwealth* v. *Imbruglia*, 377 Mass. at 691. *United States* v. *Lovasco*, 431 U.S. at 795.

No other improper governmental motive which bears on the propriety of bringing the complaint has been demonstrated. Although the judge may have thought unfair the Department's efforts to procure restitution after such a long period of time, the action is not one for restitution but rather is a criminal complaint. Whether restitution is appropriate[2] is a question relating to remedy and is a matter which is to be considered only after conviction under G. L. c. 273, § 1.

The defendant has also not shown that the Department acted so unfairly as to estop the government from bringing a criminal complaint. See generally Note, Applying Estoppel Principles in Criminal Cases, 78 Yale L. J. 1046 (1969). The two leading cases which suggest that the government may be estopped are *Raley* v. *Ohio, supra,* and *Cox* v. *Louisiana, supra,* although neither case involved a motion to dismiss. In *Raley,* the Court held that the due process clause of the Fourteenth Amendment to the Federal Constitution was violated when the State convicted defendants of contempt for refusing to answer questions of a State commission. "There was active misleading." 360 U.S. at 438. The defendants had been assured by the chairman of the commission that they could properly claim the Fifth Amendment privilege against self-incrimination. "[T]o sustain the judgment of the Ohio Supreme Court on such a basis after the Commission had acted as it did would be to sanction the most indefensible sort of entrapment by the State — convicting a citizen for exercising a privilege which the State clearly had told him was available to him." *Id.* This analysis was upheld in *Cox* v. *Louisiana.* There the defend-

---

[2] In this connection see *Commonwealth* v. *Chase,* 11 Mass. App. Ct. 884, 887 (1981), decided after the dismissal by the trial judge in this case.

Commonwealth *v.* Geoghegan.

ant was convicted of violating a picketing statute after he had received permission from the chief of police to demonstrate on the sidewalk across from the courthouse. *Cox* v. *Louisiana*, 379 U.S. at 570-571.

However, the principles of these cases apply only where "unconscionably misleading conduct" is involved. *United States* v. *Lansing*, 424 F.2d 225, 227 (9th Cir. 1970). The present record discloses no such misleading conduct and does not even show that the Department approved of the defendant's continuing in business. At most the record shows silence on the part of the Department and a failure to inform the defendant that greater efforts on his part to support his wife and children were required. This is not enough to show unfairness reaching constitutional dimension, particularly where a dismissal prior to trial is involved. *United States* v. *Mann*, 517 F.2d at 270 & n.7. See *United States* v. *Lichenstein*, 610 F.2d 1272, 1280 (5th Cir.), cert. denied sub nom. *Bella* v. *United States*, 447 U. S. 907 (1980). See also *United States* v. *Kiger*, 297 F.Supp. 339, 342 (S.D.N.Y. 1969), aff'd. 421 F.2d 1396, cert. denied, 398 U.S. 904 (1970). But see *Sundstrom* v. *United States*, 419 U.S. 934, 936-937 (1974) (Douglas, J., dissenting). We hold, therefore, that the defendant's prosecution for nonsupport is not constitutionally prohibited.

In reversing and remanding for further proceedings we caution, however, that nothing herein is to be construed as suggesting the guilt or innocence of the defendant or the disposition of the matter at trial. Moreover, as stated earlier, the defendant is not precluded from presenting evidence at trial of departmental acquiescence in order to support a defense that his actions were not wilful.

*Order dismissing*
*complaint reversed.*