COMMONWEALTH *vs.* MANUEL S. DIAS.

Bristol. November 5, 1981. — March 2, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Practice, Civil,* Support of illegitimate child. *Practice, Criminal,* Support of illegitimate child. *Constitutional Law,* Double jeopardy. *Collateral Estoppel.*

A proceeding under G. L. c. 273, § 12, to adjudicate paternity of an illegitimate child is not punitive in nature, and thus the constitutional doctrine of double jeopardy did not bar trial of a defendant on a complaint under G. L. c. 273, § 15, charging nonsupport of the child, following the dismissal with prejudice of a complaint against him under § 12. [458-459]

Dismissal, prior to trial, of a complaint under G. L. c. 273, § 15, charging the defendant with nonsupport of an illegitimate child did not bar trial of the defendant on a subsequent complaint under § 15, on the ground of either double jeopardy or collateral estoppel. [459-460]

COMPLAINT received and sworn to in the First Bristol Division of the District Court Department on August 27, 1979.

On appeal to the jury session a motion to dismiss was heard by *Steele, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Steven P. Sabra* for the defendant.

*Phillip L. Weiner,* Assistant District Attorney, for the Commonwealth.

LIACOS, J. This appeal is before us on allowance of the defendant's application for further appellate review following the decision in *Commonwealth* v. *Dias,* 12 Mass. App. Ct. 282 (1981). The primary issue raised is whether the doctrine of double jeopardy applies to proceedings brought to adjudicate paternity under G. L. c. 273, § 12. Three

other appeals involving the construction of G. L. c. 273, §§ 12 & 15, are also before us. See *Commonwealth* v. *Lobo, ante* 436 (1982); *Commonwealth* v. *Chase, post* 461 (1982); *Commonwealth* v. *Gruttner, post* 474 (1982). We hold in this case that the doctrine of double jeopardy does not apply to actions brought under § 12.

The facts are these. On July 21, 1978, the First Bristol Division of the District Court Department issued a criminal complaint (no. 12980) charging the defendant with begetting an illegitimate child on or about August 10, 1977. G. L. c. 273, § 12. The child was born on May 9, 1978. After a trial in the District Court on February 5, 1979, the judge ruled that the defendant was the father of the child. Despite having done so, he dismissed the complaint with prejudice because he was unable to conclude beyond a reasonable doubt that the act of begetting occurred in the Commonwealth.[1] Another complaint (no. 1252) was filed

---

[1] This was an error of law, later acknowledged by the judge, since the place of begetting is immaterial in a proceeding to adjudicate paternity. Under former G. L. c. 273, § 11 (repealed by St. 1977, c. 848, § 7), the crime of begetting an illegitimate child, which was a misdemeanor, was punishable only if "committed" in Massachusetts. *Commonwealth* v. *Lanoue,* 326 Mass. 559, 563 (1950). No such requirement applies to proceedings to adjudicate the paternity of an illegitimate child under G. L. c. 273, § 12, which was in effect at the time of trial. General Laws c. 273, § 12, as appearing in St. 1977, c. 848, § 5, provided: "Proceedings to determine the father of a child born to an unmarried woman shall be begun, if in the superior court, in the county in which is situated the place where the alleged father or the mother of the illegitimate child lives, and if begun in a district court, in the court having such place within the judicial district. If the alleged father pleads guilty or nolo contendere, or is found guilty, the court shall enter a judgment adjudging him the father of the child; but such adjudication shall not be made after a plea of not guilty, against the objection of the alleged father, until the child is born or the court finds that the mother is at least six months pregnant. At the sitting when such adjudication is made by a district court, if made after a plea of not guilty, the alleged father may appeal therefrom to the superior court as in other criminal cases. The adjudication, whether any sentence be imposed or not, shall be final and conclusive unless an appeal therefrom be taken as hereinbefore provided, or, if such adjudication be made by the superior court, unless set aside upon an appeal taken not later than three days thereafter under section twenty-eight of chapter two hundred

with the District Court later that day, charging the defendant with failure to support the child. G. L. c. 273, § 15.[2] The defendant filed a motion to dismiss this complaint on the ground of double jeopardy.[3] On May 14, 1979, this motion was granted prior to any trial on the merits.

Several months later, on August 27, 1979, an employee of the Department of Public Welfare applied for another complaint (no. 4146) under § 15. The complaint was issued, and the defendant's motion to dismiss, based again on the ground of double jeopardy, was denied. He was found guilty of nonsupport after a bench trial on December 14, 1979, and was placed on probation for six years. The defendant appealed the conviction for a trial de novo in the jury of six session of the District Court, and again moved to dismiss the complaint on the ground of double jeopardy. This motion was allowed on March 6, 1980, and the complaint was dismissed.

The Commonwealth appealed. G. L. c. 278, § 28E. Mass. R. Crim. P. 15 (a) (1), 378 Mass. 882 (1979). The Appeals Court reversed the order dismissing complaint no. 4146. *Commonwealth* v. *Dias,* 12 Mass. App. Ct. 282 (1981).

The Appeals Court recognized that proceedings under § 12 have as their primary purpose the adjudication of paternity of an illegitimate child, in order to secure payment of pregnancy expenses and support payments for the

and seventy-eight or upon exceptions. Such adjudication may be entered by the superior court notwithstanding exceptions have been alleged or an appeal has been taken. The court making the adjudication may within one year thereafter grant a new trial for any cause."

The amendments to § 12 by St. 1981, c. 92, and St. 1981, c. 325, are not material to this case.

[2] General Laws c. 273, § 15, makes it a misdemeanor should any parent of an illegitimate child neglect to support the child whether the child was "begotten within or without the commonwealth."

[3] The defendant alleged that he had never been adjudicated the father of the child, since the earlier complaint had been dismissed with prejudice. Since a conviction under § 15 would also require an adjudication of paternity, the defendant claimed that he would be put in jeopardy a second time on this issue.

child. Such actions are "remedial," and are to be distinguished from those which also have a punitive purpose. *Id.* at 283. See *Commonwealth* v. *Lobo, supra; Sullivan* v. *Commonwealth,* 383 Mass. 410, 412 (1981).[4]

In *Commonwealth* v. *Lobo, supra,* we hold today that an action under § 12 is a civil action, remedial in purpose, even though the proceedings are to be conducted in compliance with the standards for criminal procedure. *Id.* at 447-448. The double jeopardy clause is not applicable to the type of proceeding carried out under § 12, since the object of the proceeding is not punitive. *Sullivan* v. *Commonwealth, supra.* See *Helvering* v. *Mitchell,* 303 U.S. 391, 398-400 (1938); *Corcoran* v. *Higgins,* 194 Mass. 291, 292 (1907). As the defendant was not placed in jeopardy of punishment in the first trial, under § 12 (no. 12980), we conclude that the double jeopardy clause of the United States Constitution did not bar a trial on a complaint under § 15.

The Appeals Court reached this same conclusion, but on reasoning we cannot support, namely that G. L. c. 273, § 15, is also "essentially remedial and not punitive in nature and that the double jeopardy clause is not applicable to cases tried under it." *Commonwealth* v. *Dias,* 12 Mass. App. Ct. at 284. We have discussed § 15 at length in another companion case, *Commonwealth* v. *Chase, supra.* For the purposes of this discussion, it is sufficient to note our holding in *Chase* that § 15 is a criminal statute. *Id.* at 463-464. Under circumstances different from those present in this case, the double jeopardy clause would be fully applicable to cases tried under it.[5]

---

[4] *Sullivan* v. *Commonwealth,* 383 Mass. 410 (1981), dealt with G. L. c. 273, § 11, the predecessor to G. L. c. 273, § 12.

[5] For example, had complaint no. 1252, also brought under § 15, been dismissed with prejudice after the judge began hearing evidence, thus triggering jeopardy, *Commonwealth* v. *Ludwig,* 370 Mass. 31, 33 (1976), the defendant would have a viable double jeopardy claim as regards complaint no. 4146. See note 8, *infra.* Compare *Commonwealth* v. *Micheli,* 258 Mass. 89, 91 (1927) (dismissing a complaint without a trial on the merits is no bar to trial for same offense charged in complaint dismissed).

The defendant argues before us as he did before the Appeals Court that the dismissal, with prejudice, of the begetting complaint (no. 12980) was tantamount to an "acquittal" and precluded further litigation of the issue of paternity under § 15. This claim must fail. The defendant was not "acquitted" of the charge in the begetting action so as to preclude the trial on any of the issues in the second nonsupport action (no. 4146). See *Commonwealth* v. *Mondano*, 352 Mass. 260, 262 (1967); *Commonwealth* v. *Micheli*, 258 Mass. 89, 91 (1927).[6]

Finally, the defendant argues that the dismissal, prior to trial, of the first nonsupport complaint under § 15 (no. 1252) provides him with both double jeopardy and collateral estoppel protections from further prosecution under § 15.[7] As we have noted earlier, see note 5, *supra,* the defendant's motion to dismiss as to this complaint, based on a plea of former jeopardy, was granted before jeopardy had attached.[8] A claim of criminal collateral estoppel based on the double jeopardy clause fails as well, since the defendant

---

[6] Before dismissing the begetting complaint (no. 12980), the judge expressly ruled that the defendant was the father, but such an adjudication was not final and does not preclude the defendant from denying paternity in a trial for nonsupport. In an action under G. L. c. 273, § 15, a mechanism is provided whereby paternity may be adjudicated in the course of the proceedings, if no final determination has been made previously. *Commonwealth* v. *Gross*, 324 Mass. 123, 124 (1949). See *Commonwealth* v. *Chase, post* 461 (1982).

[7] At the time the motion was granted (May 14, 1979), G. L. c. 278, § 28E, did not permit a prosecutorial appeal from an order allowing a pretrial motion to dismiss in the District Court. Only after July 1, 1979, did the Commonwealth have this right. G. L. c. 278, § 28E, as amended through St. 1979, c. 344, § 45. See Mass. R. Crim. P. 15 (a) (1), 378 Mass. 882 (1979).

[8] Had it been granted instead after the judge began hearing evidence, the defendant's position would be vastly different. Although the order dismissing the complaint was erroneous as a matter of law, "where a midtrial [as distinguished from a pretrial] dismissal is granted on the ground, correct or not, that the defendant simply cannot be convicted of the offense charged, [*United States* v. *Jenkins*, 420 U.S. 358 (1975)] establishes that further prosecution is barred by the Double Jeopardy Clause." *Lee* v. *United States,* 432 U.S. 23, 30 (1977). See *Costarelli* v. *Commonwealth,* 374 Mass. 677, 682 (1978).

was not placed in jeopardy twice for the same offense. *Commonwealth* v. *Scala*, 380 Mass. 500, 504 (1980).

Similarly, a collateral estoppel claim based on the due process clause, independent of the protections of the double jeopardy clause, is not established. In *Commonwealth* v. *Scala*, *supra*, we stated that the doctrine has been held to apply "when 'an issue of ultimate fact has once been determined by a valid and *final* judgment'" (emphasis in original). *Id.* at 506, quoting from *Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970). We also noted, in *Scala*, that dictum in another case limited the conclusion "that a decision is final for this purpose [to situations where] '. . . the parties were fully heard, . . . the court supported its decision with a reasoned opinion, [and] . . . the decision was subject to appeal or was in fact reviewed on appeal.'" *Id.*, quoting from *United States ex rel. DiGiangiemo* v. *Regan*, 528 F.2d 1262, 1265 (2d Cir. 1975), cert. denied sub nom. *DiGiangiemo* v. *Olgiatti*, 426 U.S. 950 (1976). None of these factors is present here.[9]

The order of the District Court dismissing complaint no. 4146 is reversed. This case is to be remanded for trial de novo in the jury of six session of the District Court in accordance with this opinion.

*So ordered.*

---

[9] Last, we agree with the Appeals Court that "[t]here was no demonstration of any abuse of discretion in the allowance of the Commonwealth's motion to remedy a clerical error (the failure to docket the Commonwealth's notice of appeal at the time it was filed). Mass. R. Crim. P. 42, 378 Mass. [919] (1979). See *Schulz* v. *Black*, 369 Mass. 958 (1975)." *Commonwealth* v. *Dias*, 12 Mass. App. Ct. at 286.