ANTHONY FULLER *vs.* COMMONWEALTH. May 7, 1985. *Parent and Child*, Support of illegitimate child. *Constitutional Law*, Double jeopardy. *Supreme Judicial Court*, Superintendence of inferior courts.

The plaintiff, Anthony Fuller (hereinafter called the defendant), was charged in March, 1982, with the offense of nonsupport of an illegitimate child under G. L. c. 273, § 15. He was convicted in October, 1982, and appealed for a trial de novo to a six person jury session. He waived his right to a jury. Prior to trial, the judge advised the assistant district attorney that he was inclined to dismiss the case without prejudice and to allow the Commonwealth to return to the District Court where the defendant was originally found guilty in order to proceed under G. L. c. 273, § 12, for an adjudication of paternity, in addition to the proceeding under § 15. The assistant district attorney responded by moving to amend the complaint then before the court to include allegations material to § 12. The judge denied the motion. The prosecutor, after consulting with his supervisor, reported to the judge that the Commonwealth elected to proceed to trial on the original § 15 complaint. After the Commonwealth's evidence was introduced, the defendant moved for a required finding of not guilty and the motion was allowed.

On June 22, 1983, process issued on two complaints — one under § 12 alleging that the defendant had begotten the same illegitimate child and the other under § 15 alleging nonsupport of that child from the date of the defendant's earlier acquittal. The defendant moved to dismiss the complaints on the ground of former jeopardy. The motion was denied. The defendant then filed an action in the county court seeking relief under G. L. c. 211, § 3. A single justice denied the relief and the defendant appealed. We reverse.

On March 2, 1982, this court issued four opinions which cover a broad spectrum of cases under both G. L. c. 273, § 12 and § 15.[1] They are instructive and conclusive of the issues in the instant case. In *Commonwealth v. Chase*, 385 Mass. 461 (1982), we stated that adjudication of paternity of an illegitimate child under § 12 is a civil action, but proceedings for nonsupport of an illegitimate child under § 15 are criminal. *Id.* at 463-464. See also *Commonwealth v. Dias*, 385 Mass. 455, 457-458 (1982). However,

---

[1] *Commonwealth v. Gruttner*, 385 Mass. 474 (1982). *Commonwealth v. Chase*, 385 Mass. 461 (1982). *Commonwealth v. Dias*, 385 Mass. 455 (1982). *Commonwealth v. Lobo*, 385 Mass. 436 (1982).

crucial to the instant case is the provision in § 15 which requires an adjudication of paternity if there has been no earlier determination. It follows that, when the defendant was found not guilty of the charge under § 15, he was either determined not to be the father or, if the father, not guilty of nonsupport. Such ambiguity in the finding of not guilty must be resolved in favor of the defendant, and such finding is former jeopardy which bars a retrial.

The Commonwealth's argument that the time of the alleged period of nonsupport in the second § 15 complaint is different from the time period alleged in the first complaint is wide of the mark. This argument would have force if the defendant had been adjudicated the father under § 12. However, the complaint under § 12 came too late. The Commonwealth's reliance on *Commonwealth* v. *Galvin*, 388 Mass. 326, 330 n.7 (1983), is misplaced because in that case, though it implicated a § 15 complaint, the judge determined that the defendant was the child's father but found him not guilty of nonsupport. In the instant case, we cannot tell whether the judge determined the defendant to be the father.

In sum, the defendant was put to trial and found not guilty of violating the provisions of § 15. This trial and finding trigger the protection against former jeopardy.

The judgment denying relief under G. L. c. 211, § 3, is reversed, and the case is remanded to the county court for disposition consistent with this opinion.

*So ordered.*

*Willie J. Davis* for Anthony Fuller.
*Johanna J. Moran* for the Commonwealth.