COMMISSIONER OF REVENUE *vs.* PAUL PECHONIS. No. 90-P-732. March 23, 1992. *Paternity. Parent and Child*, Support of illegitimate child. *Practice, Civil*, Support of illegitimate child. *Res Judicata. Constitutional Law*, Separation of powers.

The issue presented in this appeal is whether a paternity and child support proceeding under G. L. c. 209C is barred by the prior dismissal of a paternity complaint under G. L. c. 273, § 12, as in effect prior to St. 1986, c. 310, § 25, and an adjudication of not guilty under a complaint for nonsupport under G. L. c. 273, § 15, as in effect prior to St. 1986, c. 310, § 26. We hold that, in the circumstances of this case, the dismissal of the paternity complaint and the adjudication of not guilty is a bar to the paternity and child support proceeding.

We summarize the pertinent facts. On November 14, 1984, the mother filed a complaint in the District Court under G. L. c. 273, § 12, alleging that the defendant was the father of her child born on February 24, 1984. On the same date she filed a complaint under G. L. c. 273, § 15, charging that the defendant had failed to provide support for this child. After a hearing, the judge in the District Court dismissed the § 12 complaint and adjudicated the defendant not guilty under the § 15 complaint. He made no findings to explain the basis for the dismissal of the § 12 complaint or for his finding of not guilty under § 15. No transcript of the proceedings is available.

On March 9, 1988, the Department of Revenue (department), on behalf of the mother of the child, filed a civil action in the District Court under G. L. c. 209C seeking to establish the defendant as the father of the child born on February 24, 1984, and to obtain an order requiring the defendant to pay child support. The defendant filed a motion to dismiss on the ground that the case had been dismissed in a prior proceeding. The judge allowed the motion. The department appeals from the allowance of that

motion.

General Laws c. 209C, § 22(*b*), inserted by St. 1986, c. 310, § 16, states that "[a] proceeding under . . . chapter two hundred and seventy-three . . . shall not be a bar to any proceeding under this chapter" and c. 209C, 22(*d*), as so inserted, states that "[n]o proceeding hereunder shall be barred by a prior finding or adjudication under any repealed sections of chapter two hundred and seventy-three . . . ." Notwithstanding those statutes, the Supreme Judicial Court has held that a prior adjudication of not guilty, *Department of Rev.* v. *Jarvenpaa*, 404 Mass. 177, 181-184 (1989), or a prior dismissal with prejudice, *Department of Rev.* v. *LaFratta*, 408 Mass. 688, 693 (1990), of a complaint to determine paternity, under c. 273, § 12, constitues a bar to a proceeding under c. 209C brought by the Commonwealth. "The Legislature may not constitutionally enact a law that, in effect, vacates final judgments entered under G. L. c. 273 in paternity actions and authorizes the Commonwealth, if it wishes, to relitigate each paternity issue." *Department of Rev.* v. *Jarvenpaa*, 404 Mass. at 184. To do so is a violation of art. 30 of the Massachusetts Declaration of Rights, which "prohibits any legislative attempt 'to grant a new trial or a rehearing in a cause in the courts, or to declare ineffective or to reverse, annul, change, modify, or affect the judgment of a court.'" *Id.* at 183, quoting from the *Opinion of the Justices*, 234 Mass. 612, 621 (1920).

In this case, the department contends that the present action is not barred because the dismissal of the earlier complaint to determine paternity was not an adjudication of the paternity issue. *Commonwealth* v. *Dias*, 385 Mass. 455, 459 (1982). See *Department of Rev.* v. *Sorrentino*, 408 Mass. 340, 341-343 (1990). However, the department overlooks the fact that on this record we do not know the basis for the dismissal of the complaint under G. L. c. 273, § 12, or the basis for the adjudication of not guilty of the nonsupport complaint under G. L. c. 273, § 15.

When the defendant was found not guilty of the charge under § 15, he was either determined not to be the father or, if the father, not guilty of nonsupport. G. L. c. 273, § 15 (as in effect prior to St. 1986, c. 310, § 26). Any ambiguity in the finding of not guilty of nonsupport must be resolved in favor of the defendant and results in an acquittal on the paternity issue. *Fuller* v. *Commonwealth*, 394 Mass. 1014, 1015 (1985). Accordingly, the department is precluded from relitigating the issues of paternity and child support against this defendant under c. 209C.

*Judgment affirmed.*

*Jon Laramore*, Assistant Attorney General, for the plaintiff.