This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Ray Phillips, appeals from the judgment of the Summit County Court of Common Pleas denying his petition for postconviction relief. We affirm.
 I.
On January 18, 1993, Sheila Marie Evans, age three, died as a result of blunt force trauma to her abdomen. At that time, Sheila's mother, Fae Evans, was dating Mr. Phillips, who was the father of her youngest child, Ronald, Jr. On the morning of January 18, 1993, Ms. Evans took Ronald, Jr. to a routine doctor's appointment, leaving Sheila and her younger sister in Mr. Phillips' care. When Ms. Evans returned, she called for her two daughters, but Sheila did not respond. Mr. Phillips found Sheila lying on her bed motionless, pale, and cold. Mr. Phillips attempted to revive Sheila, and the 9-1-1 emergency operator was called. Paramedics arrived and transported Sheila to Children's Hospital in Akron. Despite significant medical efforts, Sheila died later that day.
The Summit County Coroner, Dr. Cox, reported that Sheila had over one-hundred twenty-five bruises, many of which were inflicted within a few hours of death. He related that the blows to Sheila's abdomen had caused severe internal trauma, including internal hemorrhaging. During the autopsy, Dr. Cox also discovered that Sheila had suffered a severe injury to her duodenum approximately forty-eight hours prior to her death. Dr. Cox explained that, during that forty-eight hour period, Sheila would have experienced intense pain, vomiting, and an inability to eat, among other symptoms. The beating Sheila received on January 18, 1993 ruptured Sheila's already gangrenous duodenum.
Dr. Cox also discovered evidence that Sheila had been repeatedly anally penetrated over a period of time, including the morning of January 18, 1993. Based on the autopsy evidence, Mr. Cox concluded that Sheila most probably had been anally penetrated by a penis rather than a finger or other object. Later, Mr. Phillips admitted to anally penetrating Sheila with his penis prior to January 18, 1993, but denied doing so on the morning of her death. He, however, admitted to beating Sheila and to inserting his finger into her anus on January 18, 1993.
On August 18, 1993, Mr. Phillips was convicted of the aggravated murder of Sheila Marie Evans and was sentenced to death. He was also convicted and sentenced on one count of felonious sexual penetration and three counts of rape. This court upheld his convictions and sentences on direct appeal. State v. Phillips (Aug. 31, 1994), Summit App. No. 16487, unreported ("Phillips I"). The Ohio Supreme Court also affirmed the convictions and sentences. State v. Phillips (1995), 74 Ohio St.3d 72.
On September 20, 1996, Mr. Phillips filed a petition for postconviction relief, pursuant to former R.C. 2953.21, citing six substantive grounds for relief. On September 26, 1996, he amended his petition to include an additional four grounds for relief. Over one year later, on December 17, 1997, Mr. Phillips moved for leave to amend his petition, as he had just received voluminous documents from Summit County Children's Services regarding his family history, which he claimed were relevant to his substantive grounds for relief. On January 21, 1998, the trial court denied leave to amend the petition and dismissed Mr. Phillips' petition for postconviction relief without conducting an evidentiary hearing. Mr. Phillips timely appealed the decision.
On February 3, 1999, this court affirmed in part and reversed in part the decision of the trial court holding: 1) the trial court erred in issuing insufficient findings of fact and conclusions of law when it dismissed his petition without conducting a hearing, 2) Mr. Phillips' constitutional challenge to Ohio's postconviction relief system was either not ripe for review or was waived because he failed to raise the issue before the trial court, 3) the trial court properly denied Mr. Phillips' requests for discovery, 4) the trial court did not abuse its discretion in denying Mr. Phillips leave to amend his petition, and 5) the trial court properly denied Mr. Phillips' motion for release of grand jury records. State v. Phillips (Feb. 3, 1999), Summit App. No. 18949, unreported ("Phillips II").
On remand, the trial court issued findings of fact and conclusions of law on each of Mr. Phillips' ten grounds for relief in support of its decision to dismiss the petition without conducting an evidentiary hearing. This appeal followed.
 II.
Phillips asserts five assignments of error for review. We will discuss each in due course.
 A. First Assignment of Error THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S POSTCONVICTION PETITION, WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS AND SUPPORTING EXHIBITS TO MERIT AN EVIDENTIARY HEARING AND DISCOVERY.
In his first assignment of error, Mr. Phillips avers that the trial court improperly dismissed his petition because he presented sufficient operative facts and supporting evidence de hors the record to merit an evidentiary hearing. We disagree.
A postconviction proceeding is a collateral civil attack on a criminal conviction. State v. Calhoun (1999), 86 Ohio St.3d 279, 281. In order to obtain postconviction relief, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C. 2953.21; State v. Watson (1998),126 Ohio App.3d 316, 323. Under R.C. 2953.21, a petitioner seeking postconviction relief is not automatically entitled to an evidentiary hearing. Calhoun, 86 Ohio St.3d at 282. Significantly, the Ohio Supreme Court has held that proper bases for dismissing a petition for postconviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation of resjudicata to bar the constitutional claims raised in the petition.Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; State v. Lentz
(1994), 70 Ohio St.3d 527, 530.
 Substantive Grounds for Relief
It is well settled that, before granting an evidentiary hearing, the trial court must determine whether the petitioner has set forth any substantive grounds for relief, namely "whether there are grounds to believe that `there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.'" Calhoun, Ohio St.3d at 282-83, quoting R.C. 2953.21. Accordingly, "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, 86 Ohio St. 3 d at paragraph two of the syllabus; see R.C. 2953.21(C).
Furthermore, before a hearing is granted in proceedings for postconviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. Calhoun,86 Ohio St.3d at 289; State v. Jackson (1980), 64 Ohio St.2d 107, syllabus; see, also Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693.
 Res Judicata
Another proper basis upon which to deny a petition for postconviction relief without holding an evidentiary hearing is res judicata. Lentz,70 Ohio St.3d at 530.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, approving and following State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal." State v. Reynolds
(1997), 79 Ohio St.3d 158, 161. Accordingly, "[t]o survive preclusion byres judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5.
Similarly, regarding claims of ineffective assistance of trial counsel in postconviction proceedings, the Ohio Supreme Court has stated that where a defendant, represented by different counsel on direct appeal, "fails to raise [in the direct appeal] the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." State v.Cole (1982), 2 Ohio St.3d 112, syllabus; see, also, Lentz,70 Ohio St.3d at 530.
Significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. State v. Combs (1994), 100 Ohio App.3d 90,97. Such evidence "`must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [State v. Perry
(1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" (Citation omitted.) State v. Lawson (1995), 103 Ohio App.3d 307, 315. Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial. Combs, 100 Ohio App.3d at 98.
 Mr. Phillips' Nine Grounds for Relief
Upon the standards discussed supra, this court considers Mr. Phillips' nine grounds for relief.
 First Ground for Relief
In his petition, Mr. Phillips contended that the use of the electric chair as a method of execution constitutes cruel and unusual punishment. In Ohio, however, any person sentenced to death may elect to have such sentence executed by lethal injection, rather than by electrocution.[1]
R.C. 2949.22(B)(1). On appeal, Mr. Phillips modified his argument and has asserted that the imposition and planned execution of the death sentence upon him under Ohio law is void or voidable, as it constitutes cruel and unusual punishment.
On direct appeal to both this court and the Ohio Supreme Court, Mr. Phillips argued that the death penalty scheme in Ohio was unconstitutional; both courts rejected this argument based on established precedent. Phillips, 74 Ohio St.3d at 103-04; Phillips I, supra, at 17. Furthermore, the evidence de hors the record presented by Mr. Phillips consisted of the affidavit of Dale A. Baich, in which Mr. Baich describes an execution by electrocution that he witnessed in Nebraska in 1996. This evidence has only marginal significance, if any. As Mr. Phillips raised and was able to fully litigate this issue on direct appeal, this court concludes that the trial court did not err in finding that the issue was barred by res judicata. See State v. Wilson (June 24, 1998), Lorain App. No. 97CA006683, unreported, at 20.
 Second Ground for Relief
In his second ground for relief, Mr. Phillips argued that the state must be collaterally estopped from charging him with having purposely caused Sheila's death on Monday, January 18, 1993, because the state proved beyond a reasonable doubt in Ms. Evans' prior separate trial that Sheila's death was the result of an abdominal injury inflicted by Mr. Phillips on Saturday, January 16, 1993, combined with Ms. Evans' failure to secure medical treatment for her daughter;[2]
therefore, Mr. Phillips asserted that his conviction violated the fundamental fairness test for evidence under the Due Process Clause and his right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. Additionally, he contended that he was denied the effective assistance of trial counsel because his trial counsel failed to raise this issue at trial. In support of these arguments, Mr. Phillips attached a copy of the transcript of proceedings of Ms. Evans' trial.
Mr. Phillips previously raised this argument before the Ohio Supreme Court on his direct appeal. Phillips, 74 Ohio St.3d at 79-80. The Ohio Supreme Court first stated that, because Mr. Phillips failed to raise the issue below, he waived all but plain error. Id. at 80. However, the court then proceeded to write:
 Appellant cannot succeed on his claim of criminal collateral estoppel given his inability to satisfy one of the hallmarks of the doctrine: mutuality of parties. See Standefer v. United States (1980), 447 U.S. 10, * * * 64 L.Ed.2d 689. The defendant in Standefer asserted the same arguments that appellant offers and failed. Id. at 14, * * * 64 L.Ed.2d at 694. The prior proceeding to which appellant points involved Evans and the state. Appellant was not a party to that action. Moreover, criminal collateral estoppel derives from the Double Jeopardy Clause, and Evans's prosecution did not put appellant in jeopardy. Ashe v. Swenson [(1980), 397 U.S. 436, 25 L.Ed.2d 469]; Massachusetts v. Dias (1982), 385 Mass. 455, 432 N.E.2d 506. Collateral estoppel may be used to bar a later prosecution for a separate offense only where the government loses in the first proceeding. See United States v. Dixon (1993), 509 U.S. 688, * * * 125 L.Ed.2d 556, 573. * * *
Id. Clearly, the Ohio Supreme Court considered Mr. Phillips' claim of criminal collateral estoppel and found that it had no merit because there was no mutuality of the parties and because Ms. Evan's prosecution did not put Mr. Phillips in jeopardy.[3] Id.
Although the Ohio Supreme Court refused to consider the transcript of proceedings of Ms. Evans' trial on the grounds that it was not part of the trial court record, the Evans transcript was unnecessary to its determination that no mutuality of the parties existed and that Ms. Evans' prosecution did not put Mr. Phillips in jeopardy. See id. Consequently, Mr. Phillips' inclusion of the Evans transcript as evidencede hors the record to support this claim does not defeat the application of res judicata. See, generally, State v. Madrigal (Nov. 17, 2000), Lucas App. No. L-00-1006, unreported, 2000 Ohio App. LEXIS 5318, at *11.
Mr. Phillips also averred that he was denied the effective assistance of trial counsel because his trial counsel failed to raise this issue before the trial court. It is important to note that Mr. Phillips had different counsel at trial and on appeal to the Ohio Supreme Court; therefore, if the ineffective assistance of trial counsel claim could have been fairly determined without resort to evidence outside the record, res judicata operates to bar the claim. See Lentz,70 Ohio St.3d at 530. As discussed supra, the Ohio Supreme Court did not need evidencede hors the record to determine that Mr. Phillips' collateral estoppel challenge was without merit; thus, Mr. Phillips' ineffective assistance of trial counsel claim could have been fairly litigated without resorting to evidence outside the record, as he suffered no prejudice from his counsel's failure to raise the issue at the trial court level. Based on the foregoing, we conclude that res judicata operates to bar the issues raised in Mr. Phillips' second ground for relief.[4]
 Third Ground for Relief
Mr. Phillips averred that his convictions are void or voidable under the United States and Ohio Constitutions because the trial court failed to inform him and his counsel that, during its deliberations, the jury had asked the court for the definitions of aggravated murder and aggravated murder with specification; consequently, neither he nor his counsel were present during the trial court's response to the jury's questions.
This issue was raised on direct appeal to the Ohio Supreme Court, which overruled Mr. Phillips' contention, stating that "[t]his court cannot assume that the trial court provided any supplemental instructions, much less that they were given in appellant's absence, unless the record affirmatively indicates that to be true." Phillips, 74 Ohio St.3d at 92. In furtherance of his contention, Mr. Phillips attached to his petition the affidavits of himself, his trial counsel, and his appellate counsel on direct appeal to the Ohio Supreme Court. These affidavits provide some evidence that neither Mr. Phillips nor his trial counsel was aware that the jury had asked the questions; however, Mr. Phillips still has not presented any new evidence demonstrating that the trial court actually responded to the jury's questions and gave additional instructions. Accordingly, we hold that Mr. Phillips has neither set forth sufficient operative facts to establish substantive grounds for relief nor shown that the trial court erred in determining this claim was barred by resjudicata.
 Fourth Ground for Relief
Mr. Phillips contended that he was denied the right to a fair and impartial jury, a reliable death sentence, and due process, as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because a juror failed to disclose that she knew Mr. Phillips prior to the trial. He also argued that he was denied the effective assistance of trial counsel because his trial counsel did not bring the matter to the trial court's attention despite knowing about the juror's alleged familiarity with Mr. Phillips, and therefore, failed to explore the juror's potential bias.
Under both the Ohio and United States Constitutions, a criminal defendant is entitled to be tried by a fair and impartial jury. State v.Johnson (Jan. 8, 1992), Wayne App. No. 2659, unreported. Inherent in this constitutional right is the guarantee to be tried by unbiased jurors.Miller v. Francis (C.A.6, 2001), 269 F.3d 609, 615. Consequently, a person called as a juror in a criminal case may be challenged for cause if that person demonstrates bias toward the defendant. R.C. 2945.25(B); see, also, R.C. 2313.42.
In the instant matter, Mr. Phillips provided his own affidavit in which he attested that he recognized one of the jurors, Vicki Sandmann, because he used to visit the elderly at the nursing home where Ms. Sandmann worked as a nurse. Mr. Phillips stated that he knew that Ms. Sandmann saw him at the nursing home and argued that Ms. Sandmann failed to disclose this knowledge during voir dire. He further attested that he made this information known to his trial counsel during voir dire, but that his trial counsel did not pursue the matter.
Mr. Phillips, however, has not set forth sufficient operative facts demonstrating that Ms. Sandmann actually recognized him at trial and withheld that knowledge, or, that, because of the nature of her association with him, she would be presumed to have remembered him. Moreover, Mr. Phillips did not adduce sufficient operative facts suggesting that Ms. Sandmann had any direct interaction with him which would have caused her to be biased against him. Accordingly, we find that Mr. Phillips has failed to set forth sufficient operative facts establishing that he was denied the constitutional right to a fair and impartial jury, a reliable death sentence, and due process because of Ms. Sandmann's alleged misconduct.
Mr. Phillips' ineffective assistance of trial counsel claim similarly fails because he has failed to set forth sufficient operative facts demonstrating that he suffered prejudice as a result of his trial counsel's allegedly deficient performance. See Calhoun,86 Ohio St.3d at 289. Furthermore, trial counsel's decision not to pursue the matter, despite being informed by Mr. Phillips, may be viewed as a valid trial strategy in that trial counsel may have intended to place on the jury a juror, who presumably would have had a more favorable opinion of Mr. Phillips due to Mr. Phillips' good service at the nursing home. See Statev. Clayton (1980), 62 Ohio St.2d 45, 49 (writing that debatable trial tactics generally do not constitute a deprivation of effective counsel); see, also, State v. Hartman (2001), 93 Ohio St.3d 274, 300 (stating that an appellate court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance). Based on the foregoing, this court concludes that the trial court did not err in finding that Mr. Phillips had failed to set forth sufficient operative facts to establish substantive grounds for relief regarding his fourth ground for relief.
 Fifth Ground for Relief
Mr. Phillips argued that his convictions are void or voidable because the underrepresentation of African-Americans on his jury venire violated his Sixth Amendment right to be tried by a jury representing a fair cross-section of the community and the Fourteenth Amendment equal protection guarantee. Additionally, he asserted that he was denied the effective assistance of trial counsel, as his trial counsel failed to raise the issue.
To establish a prima facie violation of the Sixth Amendment's fair cross-section requirement, a defendant must show:
 "(1) that the group alleged to be excluded is a `distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that the underrepresentation is due to systematic exclusion of the group in the jury-selection process."
State v. Jones (2001), 91 Ohio St.3d 335, 340, quoting Duren v. Missouri
(1979), 439 U.S. 357, 364, 58 L.Ed.2d 579, 587. Significantly, "underrepresentation on a single venire is not systematic exclusion." (Emphasis original.) State v. McNeill (1998), 83 Ohio St.3d 438, 444.
In support of this claim, Mr. Phillips attached his own affidavit, census data of Summit County, and a list of the people on his jury venire. This evidence tended to show that African-Americans comprised approximately twelve percent of the population of Summit County but comprised only approximately one percent of Mr. Phillips' jury venire.[5]
Mr. Phillips, however, has failed to set forth sufficient operative facts establishing systematic discrimination, instead, basing his argument solely on the alleged underrepresentation on his venire. As previously mentioned, underrepresentation on a single venire is insufficient to show systematic exclusion. Id. This court, therefore, holds that the trial court did not err in concluding that Mr. Phillips failed to set forth sufficient operative facts establishing substantive grounds for relief on his Sixth Amendment fair cross-section claim.
Regarding his equal protection claim, Mr. Phillips was required to adduce "`statistical evidence which shows a significant discrepancy between the percentage of a certain class of people in the community and the percentage of that class on the jury venires, which evidence tends to show discriminatory purpose[.]'" Id., quoting State v. Fulton (1991),57 Ohio St.3d 120, 123-24. Importantly, "[t]he challenger must show underrepresentation over a significant period of time[.]" McNeill,83 Ohio St.3d at 444.
In the present matter, Mr. Phillips did not attempt to demonstrate underrepresentation over a significant period of time; consequently, this court concludes that the trial court did not err in determining that Mr. Phillips failed to set forth sufficient operative facts establishing substantive grounds for relief on his equal protection claim.
Lastly, Mr. Phillips' ineffective assistance of counsel claim based upon his trial counsel's failure to raise these issues before the trial court likewise lacks merit because Mr. Phillips has failed to set forth sufficient operative facts to demonstrate prejudice resulting from his trial counsel's allegedly deficient representation. See Calhoun,86 Ohio St.3d at 289.
 Sixth Ground for Relief
Mr. Phillips asserted that his due process rights were violated when the state introduced sixty-two gruesome and cumulative photographs, diagrams, and slides of the victim at trial. He further argued that the trial court admitted the images based upon its determination to admit such evidence in Ms. Evans' trial, which was a non-capital case; therefore, he contended that the trial court applied an incorrect standard of review in determining whether the offered photographs were admissible. See State v. Maurer (1984), 15 Ohio St.3d 239, paragraph seven of the syllabus (setting forth the legal standard for the admission of photographs in a capital case). Additionally, Mr. Phillips averred that he was denied the "right to rebuttal," as the decision to admit the evidence was made at Ms. Evans' trial during which neither he nor his counsel was present.
On direct appeal, both this court and the Ohio Supreme Court rejected Mr. Phillips' arguments, holding that the trial court applied the appropriate standard of review and acted well within its discretion in admitting the evidence. The courts further found that the probative value of the evidence clearly outweighed any prejudice to Mr. Phillips and that the evidence was neither cumulative nor repetitive. Phillips,74 Ohio St.3d at 78-79; Phillips I, supra, at 8-10.
In his petition, Mr. Phillips presented portions of the trial transcript of Ms. Evans' trial as evidence de hors the record to show that certain state's exhibits in Mr. Phillips' case were the same as those in Ms. Evans' case. However, at Mr. Phillips' trial, the trial court related that several of the photographic exhibits were the same in both trials. Thus, the transcript of Ms. Evans' trial was merely cumulative of the evidence contained in Mr. Phillips' trial court record, and therefore, had only marginal significance, if any, in deciding the issues. Accordingly, as Mr. Phillips raised and was able to fully litigate the claims raised in his sixth ground for relief on direct appeal, this court holds that the trial court did not err in finding the issues barred by res judicata.[6]
 Seventh Ground for Relief
Mr. Phillips claimed that he was denied the right to a fair and impartial jury when an alleged member of the grand jury communicated with several jurors during a recess and expressed her unfavorable views about Mr. Phillips.[7]
At trial, the court and defense counsel questioned the jurors and the grand jury member about the incident. After the voir dire, Mr. Phillips moved for a mistrial, but the motion was denied. On direct appeal, Mr. Phillips challenged the trial court's decision to proceed with the trial despite the fact that several jurors had heard the out-of-court comments regarding Mr. Phillips. In overruling his challenges, this court and the Ohio Supreme Court held that the trial court did not abuse its discretion in proceeding with the trial. Phillips, 74 Ohio St.3d at 88-89; PhillipsI, supra, at 6-8. Furthermore, in his petition, Mr. Phillips did not present evidence outside the record, and instead, relied solely upon the trial transcript in making the claim. Based on the foregoing, we conclude that the trial court did not err in finding that the claim was barred byres judicata.
 Eighth Ground for Relief
Mr. Phillips argued that his right to due process of law under theFourteenth Amendment was violated because the trial court's jury instructions at the trial and penalty phases were vague and incomprehensible. In support of this claim, Mr. Phillips presented the affidavit of Michael Geis, Ph.D., a professor of linguistics at Ohio State University, in which Dr. Geis concluded that the trial court's instructions were ambiguous. Mr. Phillips also claimed that he was denied the effective assistance of trial counsel because his trial counsel failed to object to the instructional errors.
On appeal to the Ohio Supreme Court, Mr. Phillips raised as error various jury instructions given during the trial and penalty phases.Phillips, 74 Ohio St.3d at 100-02. As Mr. Phillips' counsel failed to raise these issues in the trial court and in the court of appeals, the Ohio Supreme Court found that Mr. Phillips had waived all but plain error. Id. at 100. After analyzing each of Mr. Phillips' claims, the Ohio Supreme Court found no error and overruled the arguments. Id. at 100-02.
Significantly, the inclusion of Dr. Geis' affidavit does not immunize Mr. Phillips from the operation of res judicata, because the linguistic arguments made by Mr. Geis in his affidavit could have been argued on direct appeal; therefore, the affidavit is only of marginal significance in determining whether the jury instructions were erroneous, misleading, or confusing. See Madrigal, supra, at *24 (finding that, in a petition for postconviction relief, an expert affidavit analyzing the Ohio Jury Instructions and an academic publication on jury instructions in death penalty cases constituted intellectual arguments that could have been raised on direct appeal, and therefore, this new evidence was insufficient to trigger an obligation on the part of the trial court to conduct an evidentiary hearing); Wilson, supra, at 19-20; see, also,State v. Waddy (June 10, 1997), Franklin App. No. 96APA07-863, unreported, 1997 Ohio App. LEXIS 2542, at *12-13; State v. Zuern (Dec. 4, 1991), Hamilton App. Nos. C-900481 and C-910229, unreported, 1991 Ohio App. LEXIS 5733, *37-38. Because Mr. Phillips' claimed errors regarding the jury instructions either could have been raised or were raised on direct appeal based on the information contained in the trial court record, we cannot say that the trial court erred in determining that this claim was barred by res judicata.
Similarly, because the issue of his trial counsel's ineffectiveness for failing to object to the instructions could have been fairly litigated on direct appeal based on the trial court record and because Mr. Phillips had different counsel on direct appeal to the Ohio Supreme Court, we conclude that the issue is barred by res judicata.
 Ninth Ground for Relief
Mr. Phillips claimed that his convictions are void or voidable because he was denied the effective assistance of trial counsel in the mitigation phase of his trial when his counsel: 1) failed to request Children's Services records in order to get information both on Mr. Phillips and the environment in which he was raised and 2) neglected to request funds for a mitigation specialist, who would have gathered complete background information on Mr. Phillips. He avers that, had a mitigation specialist been retained, the psychologist could have conducted a more reliable psychological evaluation of Mr. Phillips and his attorneys could have presented complete mitigating evidence to the jury. He argued that, as a result of his counsel's allegedly deficient performance, his constitutional rights guaranteed by the Fifth, Sixth, Eighth, Ninth, andFourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 5, 9, 10, 16 and 20 of the Ohio Constitution were violated.
As previously discussed, before a hearing is granted in proceedings for postconviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. Calhoun,86 Ohio St.3d at 289; see, also Strickland, 466 U.S. at 687,80 L.Ed.2d at 693. Furthermore, when a defendant challenges a death sentence, the appropriate standard for determining whether prejudice resulted "is whether there is a reasonable probability that, absent the errors, the sentencer — including an appellate court, to the extent it independently reweighs the evidence — would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." Strickland, 466 U.S. at 695, 80 L.Ed.2d at 698.
Generally, the decision of what mitigating evidence to present during the penalty phase of a capital trial is a matter of trial strategy. Statev. Keith (1997), 79 Ohio St.3d 514, 530. Moreover, debatable trial tactics generally do not constitute ineffective assistance of counsel.Clayton, 62 Ohio St.2d at 49. This court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. Hartman, 93 Ohio St.3d at 300. Significantly, the existence of alternative or additional mitigation theories generally does not establish ineffective assistance of counsel.Combs, 100 Ohio App.3d at 105.
During the penalty phase of trial, Mr. Phillips' counsel presented the testimony of Mr. Phillips' grandmother, mother, father, brother, and neighbor. Through their testimonies, counsel attempted to show that Mr. Phillips was a kind and caring person, who was always trying to help his relatives and friends and who cared deeply for Ms. Evans' children. Evidence was presented that, during Mr. Phillips' youth, his family got along well together and routinely went on family camping trips and played games. Counsel also introduced evidence that, despite being raised in a high crime area and having immediate family members with criminal backgrounds, Mr. Phillips made a conscious choice to abstain from drug and alcohol abuse, avoid gang activity, and improve his grades so that he could graduate from high school and join the military. Mr. Phillips had no prior criminal record and was nineteen years old at the time of the murder. Additionally, Dr. James Brown, a defense psychologist who met with Mr. Phillips on four occasions, interviewed his parents, and administered psychological tests, testified that Mr. Phillips was an emotionally immature individual with below average intelligence, who was unable to cope with the stresses of a family situation. Although defense counsel was aware that Mr. Phillips' family history was less than ideal, counsel chose to downplay those facts, and instead, focus on Mr. Phillips' character, family support, and his potential for rehabilitation.
In his petition, Mr. Phillips attacked his trial counsel's mitigation strategy, asserting that such strategy was a result of poor preparation and inadequate investigation into his background. To that end, Mr. Phillips cites his counsel's failure to request Summit County Children's Services records and to obtain a mitigation specialist. He argues that, had more background information been obtained by his counsel, a reliable psychological evaluation could be performed and the jury could have been presented with complete mitigating evidence.
In furtherance of this assertion, Mr. Phillips proffered new evidence which tended to show that his father was verbally, emotionally, and physically abusive to the children in his household. He also submitted a psychological evaluation of a psychologist who was provided with more background information than Dr. Brown. This psychologist opined that Mr. Phillips may suffer from a variety of psychological disorders, including bipolar disorder, but stated that, before he could "complete a valid and comprehensive evaluation," he would need to obtain additional information. Mr. Phillips also presented affidavits of a mitigation specialist and a capital litigation specialist. The mitigation specialist concluded that the mitigation phase was not handled properly by defense counsel. The capital litigation specialist did not address Mr. Phillips' case but rather described effective methods of presenting mitigating evidence.
Initially, we note that hiring a mitigation specialist in a capital case is not a requirement of effective assistance of counsel. State v.McGuire (1997), 80 Ohio St.3d 390, 399. A review of the record in this case reveals that trial counsel performed an adequate investigation of Mr. Phillips' personal background and presented the expert testimony of a psychologist, thereby providing insight into Mr. Phillips' mental condition. Trial counsel chose to present Mr. Phillips as a caring, helpful, and decent person, who was a "salvageable" human being and would do well in prison. On the other hand, Mr. Phillips' petition subscribes to an alternative mitigation strategy, namely focusing on the dysfunction and abusive family environment and the absence of a moral and social compass for Mr. Phillips. The evidence adduced with the petition supports this alternative mitigation strategy — a strategy that may actually have been less persuasive.
As previously discussed, the existence of alternative or additional mitigation theories generally does not establish ineffective assistance of counsel. Combs, 100 Ohio App.3d at 105. Based on the foregoing, we cannot find that the trial court erred in determining that Mr. Phillips failed to set forth sufficient operative facts that demonstrate a substantive violation of his trial counsel's essential duties. SeeCalhoun, 86 Ohio St.3d at 289. Significantly, on direct appeal, the Ohio Supreme Court held that the evidence presented in mitigation was not paltry, as Mr. Phillips contended, and failed to support a claim of ineffective assistance of counsel. Phillips, 74 Ohio St.3d at 86. Furthermore, this court holds that Mr. Phillips failed to adduce sufficient operative facts establishing that there was a reasonable probability that, absent trial counsel's allegedly deficient performance, the sentencer would have concluded that the aggravating circumstance did not outweigh the mitigating factors beyond a reasonable doubt.
 Conclusion
Based on the foregoing, we hold that the trial court did not err in dismissing Mr. Phillips' petition for postconviction relief without conducting an evidentiary hearing because either his claims were barred by the operation of res judicata, or, he failed to set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, Mr. Phillips' first assignment of error is overruled.
 B. Second Assignment of Error OHIO'S POSTCONVICTION PROCEDURES NEITHER AFFORD AN ADEQUATE CORRECTIVE PROCESS NOR COMPLY WITH DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT.
In his second assignment of error, Mr. Phillips avers that Ohio's postconviction procedures do not comply with due process and equal protection because they deny a petitioner discovery prior to filing the petition, yet require the petitioner to support his substantive grounds for relief with evidence de hors the record.
In Phillips II, this court found that Mr. Phillips' failure to raise this issue at the trial court level constituted a waiver of the issue on appeal; therefore, this court declined to address it. Phillips II, supra, at 8. Consequently, the issue raised in Mr. Phillips' second assignment of error is res judicata. See Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus; Lentz, 70 Ohio St.3d at 529; see, also,State v. McNeill (Oct. 24, 2001), Lorain App. No. 01CA007815, unreported, at 3-4 (applying the law of the case doctrine under a similar fact pattern). Mr. Phillips' second assignment of error is overruled.[8]
 C. Third Assignment of Error THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO AMEND HIS POSTCONVICTION PETITION, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION.
In his third assignment of error, Mr. Phillips argues that the trial court erred in denying his motion to amend his postconviction petition in violation of his rights under the Fifth, Sixth, Eighth, Ninth, andFourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution.
This court rejected this argument in its February 3, 1999 decision, holding that the trial court did not abuse its discretion in denying Mr. Phillips' motion to amend his petition. Phillips II, supra, at 9-11. The issue, therefore, is res judicata. See Grava, 73 Ohio St.3d at syllabus;Lentz, 70 Ohio St.3d at 529; State v. McNeill (Oct. 24, 2001), Lorain App. No. 01CA007815, unreported, at 3-4. Mr. Phillips' third assignment of error is overruled.
 D. Fourth Assignment of Error THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR GRAND JURY MATERIALS, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 9, 10, 16
AND 20 OF THE OHIO CONSTITUTION.
In his fourth assignment of error, Mr. Phillips contends that the trial court incorrectly denied his motion for grand jury materials, in violation of his rights under the Fifth, Sixth, Eighth, Ninth, andFourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution. This court previously rejected this argument, holding that the trial court properly denied Mr. Phillips' motion for release of grand jury materials.Phillips II, supra, at 11-13. The issue, therefore, is res judicata. SeeGrava, 73 Ohio St.3d at syllabus; Lentz, 70 Ohio St.3d at 529; State v.McNeill (Oct. 24, 2001), Lorain App. No. 01CA007815, unreported, at 3-4. Accordingly, Mr. Phillips' fourth assignment of error is overruled.
 E. Fifth Assignment of Error CONSIDERED TOGETHER, THE CUMULATIVE ERRORS SET FORTH IN APPELLANT'S SUBSTANTIVE GROUNDS FOR RELIEF MERIT REVERSAL OR REMAND FOR A PROPER POSTCONVICTION PROCESS.
In his fifth assignment of error, Mr. Phillips asserts that the cumulative errors set forth in his substantive grounds for relief merit reversal or remand for proper postconviction proceedings. We disagree.
The Ohio Supreme Court recognized the doctrine of cumulative error inState v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. "Pursuant to this doctrine, a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal." State v. Garner (1995), 74 Ohio St.3d 49, 64. The doctrine of cumulative error is not applicable unless there are multiple instances of harmless error. Id.
Having previously found no error as set forth in Mr. Phillips' substantive grounds for relief, we find no cumulative error. Mr. Phillips' fifth assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.
[1] Neither execution by electrocution nor by lethal injection constitutes cruel and unusual punishment. State v. Carter (2000),89 Ohio St.3d 593, 608.
[2] This court upheld Ms. Evans' convictions for involuntary manslaughter and child endangering with a physical harm specification inState v. Evans (1994), 93 Ohio App.3d 121.
[3] Additionally, in a footnote, the court wrote that "[c]ontrary to appellant's contention, the findings of the trial court in this case are not inconsistent with the finding related to Evans's conviction. Evans was convicted of involuntary manslaughter predicated on child endangering, in that she recklessly failed to seek medical attention for her daughter's injuries between January 16 and January 18, 1993. The evidence in the instant action clearly demonstrates that appellant hastened Sheila's death. Having done so, appellant cannot escape criminal liability by arguing that Sheila was going to die anyway." (Citations omitted.) Phillips, 74 Ohio St.3d at 80-81, fn. 2.
[4] Even if this court were not to apply res judicata, Mr. Phillips' ineffective assistance of trial counsel claim still would not merit an evidentiary hearing because Mr. Phillips has failed to establish substantive grounds for relief. See Calhoun, 86 Ohio St.3d at paragraph two of the syllabus. This is so because Mr. Phillips would be unable to show that he was prejudiced by his counsel's allegedly deficient performance. See Strickland, 466 U.S. at 687, 80 L.Ed.2d at 693.
[5] In his affidavit, Mr. Phillips attested that he only recalled two African-Americans on the one-hundred and fifty person jury venire.
[6] In the sixth ground for relief in the petition, Mr. Phillips also asserted that he was denied a fair trial due to the admission of cumulative and prejudicial photographic evidence because the evidence of his intent to kill and his rape of Sheila on the day of her death was "problematic." Mr. Phillips has not pursued these specific arguments on appeal. We note, however, that, on direct appeal, both this court and the Ohio Supreme Court found that his convictions were supported by sufficient evidence as a matter of law. Phillips,74 Ohio St.3d at 81-82; Phillips I, supra, at 12-16. These claims, therefore, are barred by res judicata.
[7] At trial, the current grand jury member testified that she was not actually a member of the grand jury that indicted Mr. Phillips.
[8] We note that several districts have held that Ohio's postconviction process is constitutional. See State v. Hanna (Dec. 31, 2001), Warren App. No. CA2001-04-032, 2001 Ohio App. LEXIS 5995, at *23-24; State v.Yarbrough (Apr. 30, 2001), Shelby App. No. 17-2000-10, unreported, 2001 Ohio App. LEXIS 1930, at *32-34; State v. Jones (Dec. 29, 2000), Hamilton App. No. C-990813, unreported, 2000 Ohio App. LEXIS 6197, at *44; Statev. LaMar (Mar. 17, 2000), Lawrence App. No. 98CA23, unreported, 2000 Ohio App. LEXIS 1211, at *5-15.